Electronically Filed
Intermediate Court of Appeals
30124
04-OCT-2011
08:08 AM

NO. 30124


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MALESALA MIKA, also known as Marshall Mika, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1288)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Malesala Mika also known as Marshall Mika (Mika) appeals from the October 13, 2009 amended judgment of conviction and sentence, entered by the Circuit Court of the First Circuit (circuit court).[1]  A jury found Mika guilty of two counts of Ownership or Possession Prohibited of any Firearm or Ammunition by a Person Convicted of Certain Crimes, in violation of Hawaii Revised Statutes (HRS) § 134-7(b) and (h) (Supp. 2010); one count of Place to Keep Pistol or Revolver, in violation of HRS § 134-25 (Supp. 2010); one count of Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243 (Supp. 2010); one count of Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (2010); and one count of Driving Without a License, in violation of HRS § 286-102 (2007).

---

[1]     The Honorable Dexter D. Del Rosario presided.

On appeal, Mika alleges the circuit court erred (1) by denying his motion to suppress evidence seized from his car after a traffic stop; (2) by allowing the prosecutor's closing arguments which said that Mika had not presented witnesses to corroborate his testimony; and (3) by denying Mika's motion for acquittal where there was insufficient evidence that Mika knowingly possessed the drugs, paraphernalia, and pistol found in the car he was driving.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Mika's points of error as follows:

(1) The drugs and paraphernalia were validly seized under the plain view doctrine, and the search warrant under which police found the pistol and ammunition was valid. Accordingly, the circuit court did not err in denying Mika's motion to suppress.

The plain view doctrine requires the government to show three elements to withstand a motion to suppress evidence seized: "(1) prior justification for the intrusion; (2) inadvertent discovery; and (3) probable cause to believe the item is evidence of a crime or contraband." State v. Jenkins, 93 Hawai'i 87, 103, 997 P.2d 13, 29 (2000) (brackets omitted).

The police were justified in intruding into Mika's vehicle. The police had reasonable suspicion to stop Mika for traffic violations because he was operating the car with expired tax and safety stickers. See id. at 101, 997 P.2d at 27; see also State v. Powell, 61 Haw. 316, 320, 603 P.2d 143, 147 (1979) ("authority to stop vehicles in cases of [o]bserved traffic or equipment violations cannot be seriously questioned"). The arresting officer determined that Mika had an outstanding warrant, which permitted officers to remove him from the car, at which point a small baggie of methamphetamine lying on the driver's seat was no longer concealed. The arresting officer "had a right to be at his vantage point" on a public street from

which he saw the baggie and a glass bulbous pipe on the driver's side floorboard. Powell, 61 Haw. at 325, 603 P.2d at 150. Another officer was justified in intruding into the car, for purposes of turning on the ignition and raising the windows to secure the vehicle. See State v. Meyer, 78 Hawai'i 308, 315, 893 P.2d 159, 166 (1995). It was from this vantage point that the officer saw a larger baggie of methamphetamine. Indeed, Mika does not argue that the prosecution failed to establish the first element of the plain view doctrine.

Mika argues that the drugs and paraphernalia could not have been "inadvertently discovered" because he contends they were not present or at least not where the police said they were. Mika bases this conclusion on his own testimony that the items were not visible to him and that he would have seen the items if they had been where the officers claimed to have seen them. The circuit court found Mika to be not credible. On the other hand, the circuit court found the officers' testimony to be credible. It is well established that "an appellate court will not pass upon issues dependent upon the credibility of witnesses[.]" State v. Birano, 109 Hawai'i 327, 341, 126 P.3d 370, 384 (App. 2005) (internal quotation marks and citation omitted). Whereas the circuit court's conclusion that the baggies and drug paraphernalia were in "plain view" hinged upon the testimony of the police officers, it was not erroneous.

Mika's argument that the pistol and ammunition were "fruits of the poisonous tree" is based on the premise that the baggies and paraphernalia were illegally seized and accordingly could not provide the probable cause to support the search warrant. As the drugs and paraphernalia were validly seized, this premise fails. The court did not err in admitting the pistol and ammunition into evidence. Likewise, Mika's argument that his convictions based on the drugs, paraphernalia, firearms, and ammunition so seized must be overturned, also fails.

(2) The prosecution's closing statement, suggesting that Mika should have called witnesses to testify, did not improperly shift the burden of proof to Mika.

Prosecutors are afforded "wide latitude" in commenting on evidence in closing arguments, but they must not infringe upon a defendant's constitutional rights. State v. Mainaaupo, 117 Hawai'i 235, 256-57, 178 P.3d 1, 22-23 (2008). The prosecution may, within limits, in closing arguments comment on the defendant's failure to call witnesses, for example, "when it would be natural under the circumstances for the defendant to call the witness, and when the comments do not suggest to the jury that it was the defendant's burden to produce proof by explaining the absence of witnesses or evidence." Id. at 257, 178 P.3d at 23 (internal quotation marks, brackets, and citations omitted). See also State v. Napulou, 85 Hawai'i 49, 59, 936 P.2d 1297, 1307 (App. 1997) ("Whether or not the defendant testifies, the prosecutor may make comments on the state of the evidence or the failure of the defense to introduce material evidence or to call logical witnesses.").

Mika tries to distinguish this case from Mainaaupo by stating that the prosecutor "more directly suggested that the jury would logically have to find Mika guilty due to his failure to call corroborating witnesses." We find no such distinction. Mika testified that he had just picked up the car after leaving it for a month with a mechanic friend who allowed others to drive the car. Mika's testimony inferred that someone else left the contraband in the car without Mika's knowledge. It would have been logical for Mika to have produced the friend to whom he had entrusted the car in order to corroborate his testimony that he had just picked up the car and that others had driven it. The prosecutor's statements did not improperly shift the burden of proof to Mika and accordingly did not constitute misconduct.

(3) There was sufficient evidence to support the charges relating to the possession of the drugs, paraphernalia, firearms, and ammunition.

4

Mika does not claim that the jurors were improperly instructed on actual and constructive possession. The jury was instructed,

> A person who, although not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing for a sufficient period to terminate his possession of it either directly or through another person or persons is then in constructive possession of it. The fact that a person is near an object or is present or associated with a person who controls an object without more is not sufficient to support a finding of possession.

The instructions are consistent with the definition of constructive possession found in State v. Moniz, which also stated, more succinctly, that "[m]ere proximity is not enough" to prove possession. 92 Hawai'i 472, 476, 992 P.2d 741, 745. We presume that the jurors properly followed these instructions in evaluating the evidence presented to them. State v. Mars, 116 Hawai'i 125, 135, 170 P.3d 861, 871 (App. 2007).

Factors to consider when evaluating whether a defendant had constructive possession of contraband include:

> 1) the defendant's ownership of . . . or right to possession of the place where the controlled substance was found; 2) the defendant's sole access to the [place where the controlled substance was found]; 3) defendant under the influence of narcotics when arrested; 4) defendant's presence when the search warrant executed; 5) the defendant's sole occupancy of the [place where the controlled substance was found] at the time the contraband is discovered; 6) the location of the contraband . . . ; 7) contraband in plain view; 8) defendant's proximity to and the accessibility of the narcotic; 9) defendant's possession of other contraband when arrested; 10) defendant's incriminating statements when arrested; 11) defendant's attempted flight; 12) defendant's furtive gestures; 13) presence of odor of the contraband; 14) presence of other contraband or drug paraphernalia, not included in the charge; 15) place drugs found was enclosed.

Moniz, at 476, 992 P.2d at 745 (quoting Wallace v. State, 932 S.W.2d 519, 524 n.1 (Tex. Ct. App. 1995)). Factors 1, 5, 6, 7, 8, 9, and 10 weigh heavily against Mika. Mika does not deny that he owned the vehicle in which the contraband was found. He was the only person in the vehicle during the traffic stop, and the drugs and pipe were found in plain view, on or next to the seat where Mika had been sitting. Furthermore, Mika claimed ownership

of a lighter, which, although not contraband, could be used with the glass pipe to ingest methamphetamine. Moreover, Mika's yelling at police not to search the car following his arrest is circumstantial evidence from which the jury could have reasonably inferred Mika knew there was more contraband in the car.

Upon viewing the evidence presented in the light most favorable to the State, State v. Delos Santos, 124 Hawai'i 130, 136, 238 P.3d 162, 168 (2010), there is sufficient evidence from which the jury could have reasonably concluded that Mika knowingly possessed the methamphetamine, paraphernalia, pistol, and ammunition.

Therefore, the October 13, 2009 amended judgment of conviction and sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 4, 2011.

On the briefs:

Richard H.S. Sing
(Hawk Sing Ignacio & Waters),
for Defendant-Appellant.

Chief Judge

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge